# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-cv-1584 |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| BRIAN BABBCOCK, a Law Clerk, U.S. District Court for the Western District of Pennsylvania,[1] et al., | ) | ECF No. 1 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons set forth below, it is respectfully recommended that the Motion for Leave to Proceed *in Forma Pauperis* filed by Frederick Banks (ECF No. 1) be denied, and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

### II. REPORT

Plaintiff, Frederick Banks, is a federal prisoner currently confined at the Allegheny County Jail in Pittsburgh, Pa., while awaiting trial on a new criminal offense charged in an indictment returned at No. 2:15-cr-168 in the Western District of Pennsylvania ("Criminal Case"). He commenced this civil action on December 4, 2015 by filing a one-page Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. §1915(a). In the attached complaint, Plaintiff asserts claims under the First, Fifth

---

[1] It is believed that Plaintiff is actually referring to Brian Babik, Courtroom Deputy Clerk to Judge Mark Hornak.

and Sixth Amendments against Brian Babbock, the Honorable Mark Hornak, the Honorable Keith Pesto, Adrian Roe (Plaintiff's defense counsel in his Criminal Case), and Dr. Robert Wettstein (the psychiatrist performing the competency evaluation in his Criminal Case), with regard to various rulings made by Judges Hornak and Pesto in his Criminal Case. For relief, Plaintiff seeks monetary damages (both compensatory and punitive) from each Defendant in the amount of $2,000,000, plus costs, interest, and fees. (Compl. ¶3, ECF No. 1-1.) Plaintiff also seeks declaratory relief against Defendants Hornak, Babbcock and Roe "ending the conditions." (*Id.* at ¶4.)

### A. 28 U.S.C. § 1915(g) – Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," *Jones v. Bock*, 549 U.S. 199, 204 (2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

2

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests[.]" *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [in forma pauperis] status, if, on three or more occasions, he brought an action that was dismissed as frivolous," *Brown v. City of Philadelphia*, 331 F. App'x 898, 899 (3d Cir. 2009), and inmates who attempt to bring such lawsuits in forma pauperis should have their complaints dismissed, *id*.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under § 1915(g), courts look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218 (3d Cir. 2007) (citing *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996)). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of §1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." *Keener v. Pa. Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (citing *Adepegba, supra*; *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir.1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir.1996)).

3

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

*Abdul-Akbar*, 239 F.3d at 313. Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

*Brown*, 331 F. App'x at 900.

"Instead, '[i]mminent' dangers are [only] those dangers which are about to occur at any moment or are impending." *Meyers v. U.S. Dist. Court for the Middle Dist. of Pa.*,

4

No. 1:11-CV-0173, 2011 WL 766937, at *2 (M.D. Pa. Feb.25, 2011) (quoting *Abdul-Akbar*, 239 F.3d at 313) (internal quotation marks omitted). "Therefore, the 'imminent danger' exception [to § 1915(g)'s three strikes' rule] is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Id.* (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002)). *See also Banks v. Crockett*, No. 1:07-CV-1019, 2007 WL 1655504, at *1 (M.D. Pa. June 7, 2007) (citing *Lewis, supra*); *Kelly v. Bush*, No. 1:12-CV-1245, 2012 WL 4017995, at *5 (M.D. Pa. July 2, 2012), report and recommendation adopted, 2012 WL 4017998 (M.D. Pa. Sept. 12, 2012), appeal dismissed (Nov. 20, 2012) (same); *McClain v. Mosier*, No. 1:13-CV-3011, 2014 WL 2864963, at *6 (M.D. Pa. June 24, 2014) (same).

### B. Application of § 1915(g)'s Three Strike Rule to this Case

Applying these legal benchmarks to the instant matter, the Court finds that it is undisputed that Plaintiff is a "prisoner" within the meaning of 28 U.S.C. §1915(g) and that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See Banks v. Commw. of Pa.*, Third Cir. No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes); *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-509; *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-1572; *In Re: Banks*, C.A. No. 06-1828)). Therefore, Plaintiff is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation. As such, Plaintiff now "bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005); *In re Lassina*, 261 B.R. 614, 618

5

(E.D.Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.") Plaintiff has failed to carry that burden here.

Viewing Plaintiff's allegations most generously, the Court finds that they fail to indicate any imminent danger of serious physical injury attributable to the named Defendants. In paragraph 1(e) of his complaint, Plaintiff alleges:

> As a result of Defendant Babbcock's actions Plaintiff was placed in Imminent Danger of serious physical injury because he was denied his high blood pressure medication while in prison and regular checkups and his blood pressure spike to 190/100 and he developed an internal illness which was never treated which caused him to cough and throw up blood violently, and he did not take a shower as a result for 4 months and continuing since August 7,2015 the day of arrest. <u>Still bleeding</u>!!!

Complaint at ¶1(e) (ECF No. 1-1). It is clear from the allegations in the complaint that a sufficient connection between Plaintiff's First, Fifth and Sixth Amendment claims against the named Defendants and the allegations of imminent danger, is lacking, so as to justify Plaintiff being granted IFP status. *See, e.g., Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."); *Massey v. Fischer*, Nos. 08 Civ. 6098 & 09 Civ. 5911, 2010 WL 234999, at *4 (S.D.N.Y. Jan. 19, 2010) ("Plaintiff fails to plead any 'nexus between the imminent danger' that is 'fairly traceable to unlawful conduct asserted in the complaint[s].'") (quoting *Pettus*, 554 F.3d at 298-99) (emphasis deleted).

The Court need not accept Plaintiff's allegations that clearly are not credible, to wit, the allegation that Defendant Babbcock's actions placed him in imminent danger of

6

serious physical injury. Defendant Babbcock, by Plaintiff's own pleading, is employed as a clerk by the U.S. District Court for the Western District of Pennsylvania. The imminent danger of which Plaintiff complains arises from the actions (or inactions) of individuals working at the Allegheny County Jail where he is currently housed. Moreover, none of the relief sought in this civil action attempts to rectify Plaintiff's alleged denial of his blood pressure medication. Rather, Plaintiff seeks money damages of $2.0 million from each of the Defendants, and asks for "Declaratory relief ending the conditions." Those conditions appear to be the alleged violation of the speedy trial act, attempting to have him seen "as a lunatic and mental case", turning over his "pleadings defending his actions and prosecuting them to a psychiatrist for the sole purpose of preventing him from representing himself and proceeding to trial", and refusing to allow Plaintiff to see the psychiatrist from the street as an outpatient.

Even if the complaint could be construed as seeking declaratory relief as to his blood pressure medication, such relief cannot be obtained from the defendants named in this lawsuit. Rather, Plaintiff must seek relief as to denial of his blood pressure medication from the ACJ officials, employees, and/or agents, who are responsible for providing his medication, including exhausting any administrative remedies/grievance procedures at ACJ, before filing a federal lawsuit for the alleged denial of his medication.

It is apparent that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and his allegations of imminent risk of serious physical injury are a transparent attempt to overcome the fact that he has abused the IFP privilege

7

numerous times in the past. The Court will not permit him to continue to do so now. Therefore, the Court recommends that the motion for leave to proceed IFP be denied and the case dismissed without prejudice. As noted above, Plaintiff is not banned from federal court, but in order to proceed he must pay the full $400.00 filing fee.

### C. Plaintiff's Failure to Comply with November 6, 2013 Order

Finally, Mr. Banks has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's motion for leave to proceed *in forma pauperis* and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis*. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors*, No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Mr. Banks has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed *in forma pauperis* be denied and the case closed.

8

## III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 1) be denied, and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: December 9, 2015

BY THE COURT:

LISA PUPO LENIHAN
U. S. Magistrate Judge

cc: **FREDERICK BANKS**
#120759
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219